IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CV-72-FL

| | |
|---|---|
| ETHEL MAE BETHEA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 22, 24). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R as its own, grants defendant's motion, denies plaintiff's motion, and affirms defendant's final decision.

**BACKGROUND**

On November 1, 2011, plaintiff filed applications for supplemental security income and disability benefits, alleging disability beginning August 25, 2011. The application was denied both initially and upon reconsideration. On March 21, 2013, plaintiff amended his alleged onset date to October 19, 2011. Thereafter, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"), who, after a September 20, 2013, hearing, denied plaintiff's claims by order entered November 27, 2013. Following the ALJ's denial of her applications, plaintiff timely filed a request

for review with the Appeals Council. On February 2, 2015, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed complaint in this court seeking review of defendant's decision.

## COURT'S DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, ___ F.3d ___, 2016 WL 3349355, *11 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. at *10 (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

2

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

3

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since August 25, 2011. At step two, the ALJ found that plaintiff had the following severe impairments: cardiac dysrhythmia, residual effects of implantation of a pacemaker, essential hypertension, degenerative joint disease of the knees, and obesity. The ALJ also determined plaintiff had the nonsevere impairments of seizure disorder, GERD, kidney stones, hyperthyroidism, gastritis, esophagitis, and urinary tract infections. However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, with the following limitations: sit for six hours out of an eight-hour workday; stand and/or walk for six hours out of an eight-hour workday; lift and/or carry 10 pounds frequently and 20 pounds occasionally and push or pull in accordance with the above-mentioned lifting limitations; never climb ladders, scaffolds, or ropes; occasionally climb ramps and stairs; frequently balance and stoop; occasionally kneel and crouch; never crawl; and avoid concentrated exposure to fumes, odors, dust, gases, poor ventilation and to hazards such as unprotected heights and dangerous machinery. In making this assessment, the ALJ found plaintiff's statements about her limitations not fully credible. At step four, the ALJ concluded plaintiff was able to perform her past relevant work as a folder, cafeteria worker, and poultry dresser. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B. Analysis

1. Treating Physician Opinion

Plaintiff argues that the ALJ erred by giving less than controlling weight to the opinion of her treating primary care physician, Dr. Jonathan D. Rowson. The magistrate judge rejected plaintiff's argument, reasoning that the ALJ properly gave less than controlling weight to the opinion due to multiple deficiencies adequately explained in the ALJ decision. (M&R at 9-15). Because the magistrate judge cogently addressed the arguments already raised by plaintiff, the court adopts and incorporates the magistrate judge's discussion herein. The court writes separately to amplify the analysis of the magistrate judge.

The ALJ sufficiently explained his determination to give Dr. Rowson's opinion little weight, and such determination was supported by substantial evidence in the record. Dr. Rowson's opinion is comprised of two components, both addressed by the ALJ. The first component is a treatment note regarding a November 1, 2011, office visit, wherein Dr. Rowson states:

> [Plaintiff] is in for f/u with complaints of sinus drainage and congestion. She is otherwise doing quite well. She has recently been seen by her cardiolog[ist] at DUMC in Lumberton and states his opinion based on her heart condition and her issues with MI, pacemaker, and other cardiac related issues leads her to be considered completely and totally disabled from her previous employ. . . .
>
> I have discussed with the [patient] her previous job duties, the fact that her job was somewhat strenuous, and in light of these issues I am in agreement with cardiologist that the previous job she had been employed at is not something that she can return to. I agree with [his] opinion that she should he considered completely and totally disabled.

(Tr. 537). The ALJ noted multiple deficiencies with this opinion, all of which are supported by substantial evidence:

1. Dr. Rowson is not a specialist in orthopedics or cardiology.

5

      2.      Dr. Rowson's opinion as to disability is on an issue reserved for the Commissioner.

      3.      Dr. Rowson's opinion is based on the false premise that plaintiff's cardiologist opined that plaintiff is disabled, where there is in fact no such opinion in the record.

      4.      Dr. Rowson offered no support or explanation for the opinion in clinical signs and laboratory findings.

      5.      Dr. Rowson's reference to strenuous prior work ignores the fact that plaintiff's past relevant work includes occupations that were less strenuous.

      6.      Dr. Rowson's opinion is not consistent with the contemporaneous treatment records.

(See Tr. 22-23). On the last point, Dr. Rowson's own treatment notes state that plaintiff was treated for complaints of sinus drainage and congestion, and diagnosed with "Allergic rhinitis," but "otherwise doing quite well." (Tr. 537). Treatment notes of plaintiff's cardiologist of a visit on October 31, 2011, state that "pacemaker was functioning appropriately," and plaintiff "reports that she is doing very well at this time," although with elevated blood pressure. (Tr. 571). Thus, the ALJ properly rejected the opinion of Dr. Rowson in the notes of the November 1, 2011, office visit.

      The second component of Dr. Rowson's opinion is a form "Medical Source Statement" completed on September 4, 2013, wherein Dr. Rowson states that he bases his assessment on the diagnoses of "Asthma, Seizure Disorder, Hearing Loss, MI, CAD, Thyroid Disease, Pacemaker, Kidney Stones," and symptoms of shortness of breath, dizziness, chest pain, and DOE.[1] (Tr. 663). When asked to "characterize the nature, location, frequency, precipitating factors and severity of [his] patient's pain," Dr. Rowson specifies "chest pain." (Id.). Dr. Rowson identifies "depression" and "anxiety" as affecting plaintiff's pain. (Id.). Dr. Rowson then identified the following

---

[1] Dr. Rowson does not explain what is meant by "DOE."

functional limitations: (1) limited to lifting one to ten pounds occasionally, (2) stand, sit, or walk only 15 minutes at a time, and only 60 minutes in a workday, (3) elevate legs to waist level while sitting, (4) occasionally stoop and balance, (5) and miss work about twice a month. (Tr. 663-669).

The ALJ noted that this component of Dr. Rowson's opinion suffered from the defect that it is not consistent with the contemporaneous treatment records. To this end, the ALJ noted in detail:

> For example, there is no support in the treatment records for [Dr. Rowson's] assertion, in question 3 [regarding symptoms], that the claimant's symptoms include 'shortness of breath, dizziness, chest pain, DOE,' as none of those complaints are mentioned in his treatment notes, nor are they mentioned in the treatment notes of the claimant's cardiologist. Similarly, there is no support for his assertion, in question 7 [regarding conditions impacting pain], that the claimant has depression and anxiety. There is no mention of either anywhere in the medical evidence of record and the claimant herself has not alleged any mental impairment, nor did she testify to any mental impairment or any limitations stemming from any mental impairment at the hearing of this matter. Additionally, Dr. Rowson has indicated the presence of limitations so extreme as to be simply not credible, not least because they are contradicted by the claimant's own testimony. To cite but one example, he indicates she can sit for 15 minutes; she testified she could sit for an hour. Further, there is no support in the medical evidence of record for his assertion that the claimant needs to elevate her legs or needs to lie down to relieve fatigue. Nowhere in the medical evidence of record does the claimant report extensive lower extremety edema or fatigue and nowhere is there any advice from any treating source to do either. Additionally, the doctor posits limitations, such as manipulative ones, when the medical evidence of record reflects no impairment that could conceivably result in such limitations. Finally, as with his opinion in 10F, the doctor here does not explain his extreme limitations and cites to no medically acceptable clinical signs and laboratory findings. In sum, Dr. Rowson's opinions are entitled to little weight because they fail in the two key criteria for assessing opinion evidence as set forth in 20 CFR 404.1527 and 416.927: supportability and consistency.

(Tr. 23). In this manner, the ALJ thoroughly explained his reasons for giving little weight to the opinion of Dr. Rowson, and such reasons were supported by substantial evidence in the record.

Plaintiff challenges the reasoning of the ALJ by citing to evidence of knee impairments, edema, and mental limitations. None of these challenges are availing. First, with respect to knee

7

impairments, plaintiff points to 2010 x-rays of her right knee that showed "moderate degenerative joint disease in all 3 compartments with evidence of osteophytosis [and] erosions within the patellofemoral joint." (Tr. 411). This evidence, however, is insufficient to resurrect the opinion of Dr. Rowson. As an initial matter, Dr. Rowson does not mention knee impairments as a basis for any functional limitations in his October 31, 2011, treatment notes or September 4, 2013, Medical Source Statement. Indeed, the treatment notes are based upon information from plaintiff's cardiologist, and the Medical Source Statements cites only "shortness of breath, dizziness, chest pain, DOE," as symptoms, with pain comprising only "chest pain." (Tr. 663). In any event, the record does not include clinical findings or reports of limitations due to knee pain to the extent alleged by plaintiff or as reflected in the Medical Source Statement. On July 13, 2011, plaintiff's orthopedist, Dr. Smid, noted no pain in plaintiff's left knee post-surgery, while right knee pain was treated by steroid injection (Tr. 402), but there are no subsequent reports of knee pain in any physician treatment notes in the two following years. (See, e.g., Tr. 537-39, 645-47; 694-712 (Dr. Rowson); 598-600 (emergency room admission); 678-682 (cardiologist)).

Second, as to edema, Dr. Rowson does not mention edema as a basis for any functional limitations in his October 31, 2011, treatment notes or September 4, 2013, Medical Source Statement. While Dr. Rowson notes edema as a diagnosis in his June 1, 2012, treatment notes, substantial evidence supports the ALJ's statement that "[n]owhere in the medical evidence of record does the claimant report extensive lower extremity edema." (Tr. 23). In the June 1, 2012, treatment notes, Dr. Rowson noted plaintiff's complaint of "some worsening edema to her feet and ankles," which on examination "reveal[ed] trace edema," with plaintiff "doing reasonably well." (Tr. 645). On January 3, 2013, plaintiff's cardiologist noted "trace ankle edema." (Tr. 679). On other

8

examinations, however, plaintiff was observed to have "no edema." (Tr. 613). Thus, the ALJ properly concluded that edema does not provide a clinical basis for the extent of functional limitations reported in Dr. Rowson's opinion.

Finally, plaintiff challenges the ALJ's discounting of Dr. Rowson's reliance upon "depression" and "anxiety" psychological conditions affecting plaintiff's pain. The ALJ correctly notes that "[t]here is no mention of either anywhere in the medical evidence of record and the claimant herself has not alleged any mental impairment," and plaintiff does not take issue with this finding. (Tr. 23). Nevertheless, plaintiff notes the ALJ's later statement in his opinion that "[t]he longitudinal evidence of record reveals that working in highly stressful conditions with large amounts of social interaction are circumstances that would most likely constitute stressors for the claimant's PTSD, depression and migraines." (Tr. 23). The ALJ's own statement, however, is not itself evidence, and it erroneously lists conditions PTSD and depression that are not reflected in the medical record. As such, the ALJ's statement does not alter the conclusion that substantial evidence supports the ALJ's determination to discount the opinion of Dr. Rowson.

In sum, the ALJ sufficiently explained his decision to give little weight to the opinion of Dr. Rowson. This decision was supported by multiple levels of defects in the opinion of Dr. Rowson, which defects were outlined in detail in the ALJ's decision and supported by substantial evidence in the record. As such, the ALJ built "an accurate and logical bridge from the evidence to his conclusion," Monroe, ___ F.3d ___, 2016 WL 3349355, at *10, and remand for further consideration of the opinion of Dr. Rowson is unwarranted.[2]

---

[2] The magistrate judge addressed an additional argument raised by plaintiff as to the ALJ's disregard of pushing and pulling limitations stated in the non-examining consultant's opinion. (See M&R at 15-16). Plaintiff did not raise any objections to this analysis. Upon careful review of the M&R and the record generally, the court finds no clear error in the magistrate judge's treatment of this issue.

9

2. Credibility

Plaintiff argues that the ALJ erred in addressing her credibility by improperly penalizing plaintiff, where plaintiff claims she could not afford more consistent or specialized treatment. The ALJ noted several grounds for discounting plaintiff's testimony regarding the disabling effects of her symptoms: (1) plaintiff's good response to treatment, including no continued reports of knee pain after surgery and injection treatment, as well as no complaints concerning her heart after pacemaker implantation (Tr. 19-20); (2) plaintiff's allegations of dizziness and passing out are not reflected in her reports to treating sources (Tr. 20); and (3) plaintiff has not pursued treatment or medication commensurate with her level of alleged symptoms. (Tr. 19).

As an initial matter, the ALJ's first two grounds for discounting plaintiff's credibility are valid and supported by substantial evidence in the record, as set forth in the M&R. (See M&R at 19-20). These grounds independently support the ALJ's credibility determination. See Craig, 76 F.3d at 595; Mickles v. Shalala, 29 F.3d 918, 929-30 (4th Cir. 1994); Gross v. Heckler, 785 F.2d 1163, 1165-66 (4th Cir. 1986).

With respect to plaintiff's failure pursue treatment or medication, "a claimant's failure to obtain medical treatment that she cannot afford cannot justify an inference that her condition was not as serious as she alleges." Mickles, 29 F.3d at 930. Nevertheless "an unexplained inconsistency between the claimant's characterization of the severity of her condition and the treatment she sought to alleviate that condition is highly probative of the claimant's credibility." Id. Where "evidence shows that in the relevant period [the claimant] had considerable access to both medical treatment and medication," it is not error for the ALJ to "consider[] the inconsistency between her level of treatment and her claims of disabling pain." Id. This is in contrast to a situation where it is

10

"uncontradicted that the claimant could not afford certain specified treatment," whereupon discounting credibility due to failure to follow specified treatment is not proper. Id. (citing Lovejoy v. Heckler, 790 F.2d 1114, 1117 (4th Cir. 1986)).

Here, the ALJ properly considered an inconsistency between plaintiff's level of medical treatment and plaintiff's alleged severity of symptoms, where evidence showed that in the relevant time period plaintiff had considerable access to both medical treatment and medication. (See, e.g., Tr. 43-45, 538, 567-70, 572, 604, 646-47, 678-79, 709). Notably, with respect to allegations of disabling knee pain, plaintiff did not complain of knee pain to her primary care physician after surgery and injections were completed, and she was not prescribed further specific treatment for her knees. (Tr. 537-39, 645-47, 694-712). As for dizziness, while plaintiff reported inability to afford her medication at times, she was provided samples and testified that she was compliant with her medications. (Tr. 43-45, 538, 567-70, 572, 604, 646-47, 678-79, 709). Thus, there was no "certain specified treatment" that plaintiff undisputably could not afford. Mickles, 29 F.3d at 930. In these circumstances, the ALJ properly considered plaintiff's failure to pursue more intensive treatment commensurate with her level of alleged symptoms as a factor in evaluating the credibility of such allegations.

In sum, where the "ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence," the court must affirm the Commissioner's disability determination. Monroe, ___ F.3d ___, 2016 WL 3349355, at *8.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R as its own. Plaintiff's motion for judgment on the pleadings (DE 22) is DENIED, and defendant's motion for judgment on the pleadings (DE 24) is GRANTED. The clerk of court is DIRECTED to close this case.

SO ORDERED this 1st day of August, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge